| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** | **PJH 9510** |
| **EASTERN DISTRICT OF NEW YORK** | **Tax ID No. 11 3178696** |

| | |
|---|---|
| In re: | Bankr. Case No.: 1-14-42417-NHL |
| EDUARD VERNIK and<br>OKSANA VERNIK, | Chapter 7 |
| Debtors. | |
| OKSANA VERNIK, | Adv. Proc. No.: 1-14-01223 |
| Plaintiff, | |
| v. | |
| SALLIE MAE, INC., CORNERSTONE<br>DEPARTMENT OF EDUCATION, and<br>LONG ISLAND UNIVERSITY, | **NOTICE OF NAVIENT SOLUTIONS,<br>INC.'S MOTION TO COMPEL<br>PLAINTIFF'S RESPONSES TO<br>NAVIENT SOLUTIONS, INC.'S<br>DISCOVERY REQUESTS** |
| Defendants. | |

**PLEASE TAKE NOTICE** that, the Defendant, Navient Solutions, Inc., f/k/a Sallie Mae, Inc. ("Navient"), by and through its attorney, Paul J. Hooten, Esquire, will move this Court for an order compelling the Plaintiff to respond to Navient's Discovery Requests at a hearing before the Honorable Nancy Hershey Lord, at the United States Bankruptcy Court, 271-C Cadman Plaza East, Courtroom 2529, Brooklyn, NY 11201-1800, on the 21st day of April, 2015, at 10:30 a.m.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the proposed Order must be made in writing and served upon and received by counsel for Navient, Paul J. Hooten, Esquire, PAUL J. HOOTEN & ASSOCIATES, 5505 Nesconset Highway, Suite 203, Mt. Sinai, NY 11766, and in the Bankruptcy Judge's Chambers, on or before April 20, 2015. Unless objections are received by that time, the Order may be signed

without the necessity of conducting the hearing.

Dated: Mt. Sinai, New York, this 31st, day of March, 2015.

                              Respectfully submitted,

By:    */s/ Paul J. Hooten*
         Paul J. Hooten, Esquire (PJH9510)
         PAUL J. HOOTEN & ASSOCIATES
         5505 Nesconset Highway, Suite 203
         Mt Sinai, NY 11766
         Telephone: (631) 331-0547
         Facsimile: (631) 331-2627
         E-mail: pjhooten@mindspring.com
         Counsel for Navient Solutions, Inc.

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**EASTERN DISTRICT OF NEW YORK** | **PJH 9510**<br>**Tax ID No. 11 3178696** |

| | |
|---|---|
| In re:<br><br>EDUARD VERNIK and<br>OKSANA VERNIK,<br><br>        Debtors. | Bankr. Case No.: 1-14-42417-NHL<br><br>Chapter 7 |
| OKSANA VERNIK,<br><br>        Plaintiff,<br><br>v.<br><br>SALLIE MAE, INC., CORNERSTONE DEPARTMENT OF EDUCATION, and LONG ISLAND UNIVERSITY,<br><br>        Defendants. | Adv. Proc. No.: 1-14-01223<br><br><br>**NAVIENT SOLUTIONS, INC.'S MOTION TO COMPEL PLAINTIFF'S RESPONSES TO NAVIENT SOLUTIONS, INC.'S DISCOVERY REQUESTS** |

       Defendant, Navient Solutions, Inc. f/k/a Sallie Mae Inc. ("Navient"), by and through its undersigned counsel, hereby moves this Honorable Court to compel the Plaintiff, Oksana Vernik ("the Plaintiff"), to provide Navient with responses to Navient's First Set of Interrogatories and First Request for Production of Documents, pursuant to Federal Rule of Bankruptcy Procedure 7037 and Federal Rule of Civil Procedure 37.  In support thereof, Navient represents as follows:

       1.      On May 15, 2014, the above-captioned Debtors filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.  A discharge of eligible debts was entered on February 6, 2015.

       2.      On December 3, 2014, the Plaintiff filed a Complaint naming, *inter alia*, Sallie Mae, Inc., now known as Navient, as a Defendant seeking a discharge of educational loan debt under 11 U.S.C. §523(a)(8).

3. On January 16, 2015, Navient filed its Answer to the Plaintiff's Complaint.

4. On January 20, 2015, Navient's First Set of Interrogatories, First Request for Production of Documents and First Set of Requests for Admission (collectively "the Discovery") were served upon the Plaintiff. A true and correct copy of the Certificate of Service for the Discovery is attached hereto as Exhibit "A" and made a part hereof.

5. The Plaintiff's responses to the Discovery were due on or about February 19, 2015. No responses were received by that date.

6. On March 6, 2015, having received no responses to the Discovery, national counsel for Navient sent a letter via e-mail and U.S. mail to Plaintiff's counsel indicating that the Plaintiff's responses to the Discovery were overdue, requesting said responses within ten (10) days, and/or offering to consider an extension to respond to the Discovery, if Plaintiff needed more time to respond. A true and correct copy of the March 6, 2015, letter to counsel for the Plaintiff is attached hereto as Exhibit "B" and made a part hereof.

7. To date, no response to the aforementioned letter of March 6, 2015, nor responses to the Discovery, have been received by counsel for Navient.

8. Due to the Plaintiff's failure to respond to the Discovery, Navient has no information to prepare its defense to this adversary proceeding, other than the information within its own records.

9. Pursuant to the Court's Pre-Trial Scheduling Order entered on February 3, 2015, the discovery completion deadline is May 15, 2015.

10. Navient has made a good faith effort to confer with the Plaintiff and obtain the responses to the Discovery without court action as required by Local Rule 7007-1. An Affidavit of Paul J. Hooten, Esquire, is attached hereto as Exhibit "C" and made a part hereof.

11. Pursuant to Federal Rules of Bankruptcy Procedure 7026, 7033, 7034, 7036 and 7037, Federal Rules of Civil Procedure 26, 33, 34, 36 and 37 apply in adversary proceedings.

12. Pursuant to Fed. R. Civ. P. 26(b)(1), the scope of discovery may encompass any matter which is relevant to the subject matter involved in the pending action, including any information which is reasonably calculated to lead to the discovery of admissible evidence.

13. Navient avers that the information sought in Navient's Discovery is relevant to the subject matter of the pending adversary, reasonably calculated to lead to the discovery of admissible evidence and necessary for Navient to adequately prepare for trial.

14. Pursuant to Federal Rules of Civil Procedure 33, 34 and 36, the time to respond to the Discovery has expired.

15. Pursuant to Fed. R. Civ. P. 36(a)(3), "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."

16. Pursuant to Fed. R. Civ. P. 36(b), "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." No such motion has been filed by the Plaintiff.

17. For the foregoing reasons, Navient requests this Court deem admitted Navient's First Set of Requests for Admission for the purpose of this Adversary Proceeding. A true and correct copy of Navient's First Set of Requests for Admission is attached hereto as Exhibit "D" and made a part hereof.

18. Fed. R. Civ. P. 37(a)(1) states that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."

19. Fed. R. Civ. P. 37, further provides, in pertinent part,

> (a)(3)(B) A party seeking discovery may move for an order compelling an answer, designation, production or inspection. This motion may be made if … (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted—or fails to permit inspection—as required under Rule 34.
>
> (b)(2)(A) If a party or party's officer…fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following… (v) dismissing the action or proceeding in whole or in part and (vi) rendering a default judgment against the disobedient party.

20. Should the Plaintiff fail to provide responses to Navient's Discovery within ten (10) days, upon certification by Navient's counsel, Navient requests the Court dismiss Navient and named Defendant "Sallie Mae, Inc." as Defendants in this adversary proceeding, entering judgment in its favor and against the Plaintiff, pursuant to Federal Rule of Bankruptcy Procedure 7037, incorporating Federal Rule of Civil Procedure 37.

**WHEREFORE**, Navient Solutions, Inc. moves and requests that this Honorable Court enter an Order pursuant to Federal Rule of Bankruptcy Procedure 7037, incorporating Federal Rule of Civil Procedure 37:

a) Directing the Plaintiff to provide responses to Navient's First Set of Interrogatories and First Request for Production of Documents within ten (10) days of the entry of the Order;

b) Deeming Navient's First Set of Requests for Admission admitted;

c) Dismissing Navient and named Defendant, "Sallie Mae, Inc." as Defendants in this adversary proceeding, and entering judgment in its favor and against the Plaintiff, should the Plaintiff fail to provide responses to Navient's First Set of Interrogatories and First Request for Production of Documents within ten (10) days after entry of an Order on this Motion;

    d)      Granting any further relief that this Court deems just and proper.

                                                  Respectfully Submitted,

Dated: March 31, 2015        By:    */s/ Paul J. Hooten*
                                                    Paul J. Hooten, Esquire (PJH9510)
                                                    PAUL J. HOOTEN & ASSOCIATES
                                                    5505 Nesconset Highway, Suite 203
                                                    Mt Sinai, NY 11766
                                                    Telephone: (631) 331-0547
                                                    Facsimile:  (631) 331-2627
                                                    E-mail: pjhooten@mindspring.com
                                                    Counsel for Navient Solutions, Inc.

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**EASTERN DISTRICT OF NEW YORK** | **PJH 9510**<br>Tax ID No. 11 3178696 |

| | |
|---|---|
| In re: | Bankr. Case No.: 1-14-42417-NHL |
| EDUARD VERNIK and<br>OKSANA VERNIK, | Chapter 7 |
| Debtors. | |
| OKSANA VERNIK, | Adv. Proc. No.: 1-14-01223 |
| Plaintiff, | |
| v. | **ORDER GRANTING NAVIENT**<br>**SOLUTIONS, INC.'S MOTION TO**<br>**COMPEL PLAINTIFF'S**<br>**RESPONSES TO NAVIENT**<br>**SOLUTIONS, INC.'S DISCOVERY**<br>**REQUESTS** |
| SALLIE MAE, INC., CORNERSTONE<br>DEPARTMENT OF EDUCATION, and<br>LONG ISLAND UNIVERSITY, | |
| Defendants. | |

Upon consideration of Navient Solutions, Inc., f/k/a Sallie Mae, Inc. ("Navient")'s Motion to Compel Plaintiff, Oksana Vernik ("the Plaintiff")'s Responses to Navient Solutions, Inc.'s Discovery Requests, it is hereby

ORDERED that the Plaintiff must provide responses to Navient's First Set of Interrogatories and First Request for Production of Documents, within ten (10) days of the entry of this Order; and it is further

ORDERED that each of Navient's First Set of Requests for Admission are deemed admitted; and it is further

ORDERED that should the Plaintiff fail to respond to Navient's First Set of Interrogatories and First Request for Production of Documents within said ten (10) day period, Navient and named Defendant, "Sallie Mae, Inc." shall be dismissed as Defendants from this adversary with judgment entered in its favor and against the Plaintiff.

**SO ORDERED:**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**EASTERN DISTRICT OF NEW YORK** | PJH 9510<br>Tax ID No. 11 3178696 |

In re:  

EDUARD VERNIK and
OKSANA VERNIK,

      Debtors.

Bankr. Case No.: 1-14-42417-NHL

Chapter 7

---

OKSANA VERNIK,

      Plaintiff,

v.

SALLIE MAE, INC., CORNERSTONE
DEPARTMENT OF EDUCATION, and
LONG ISLAND UNIVERSITY,

      Defendants.

Adv. Proc. No.: 1-14-01223

**CERTIFICATE OF SERVICE**

---

     I, the undersigned, do hereby certify that on the 31st day of March, 2015, I caused to be served, via First Class U.S. mail, postage prepaid, a copy of Navient Solutions, Inc.'s Motion to Compel Plaintiff's Responses to Navient Solutions, Inc.'s Discovery Requests, Affidavit of Paul J. Hooten in Support of same, Notice of same and proposed Order upon the following:

   Alla Kachan, Esquire, 415 Brighton Beach Avenue, 2nd Floor, Brooklyn, NY 11235

   Douglas M. Fisher, Esquire, Solomon and Solomon PC, Five Columbia Circle, Albany, NY 12203

Dated: March 31, 2015        By:  */s/ Paul J. Hooten*
                                            Paul J. Hooten, Esquire (PJH9510)
                                            PAUL J. HOOTEN & ASSOCIATES
                                            5505 Nesconset Highway, Suite 203
                                            Mt Sinai, NY 11766
                                            Telephone: (631) 331-0547
                                            E-mail: pjhooten@mindspring.com
                                            Counsel for Navient Solutions, Inc.