**UNITED STATES BANKRUPTCY COURT**                       **PJH 9510**
**EASTERN DISTRICT OF NEW YORK**                          Tax ID No. 11 3178696

In re:

EDUARD VERNIK, and                      Bankr. Case No.: 1-14-42417-NHL
OKSANA VERNIK,

                                                     Chapter 7

         Debtors.

OKSANA VERNIK,                            Adv. Proc. No.: 14-01223

         Plaintiff,

v.

SALLIE MAE, INC.,                            **NAVIENT SOLUTIONS, INC.'S**
CORNERSTONE DEPARTMENT              **FIRST SET OF REQUESTS**
OF EDUCATION, and                        **FOR ADMISSION**
LONG ISLAND UNIVERSITY,

         Defendants.

Pursuant to Federal Rules of Bankruptcy Procedure 7036 and 7026, and Federal Rules of Civil Procedure 36 and 26(b), Navient Solutions, Inc. f/k/a Sallie Mae, Inc. ("Navient"), requests the Plaintiff make the following admissions within thirty (30) days of service of these Requests for the purpose of this action only and subject to all pertinent objections to admissibility which may be interposed at the trial.

**Instructions for Requests for Admission**

Space has been provided below each Request for Admission for your answer. If you require additional space, you may attach an additional sheet or sheets of paper, which refer to the appropriate Request for Admission.

Fed. R. Bankr. P. 7036 and Fed. R. Civ. P. 36 provide that:

You must serve your written answer or objection to each Request upon Navient's attorney within thirty (30) days of service of these Requests for Admission upon you. The Answers must be signed by you or your attorney. Failure to answer or object within 30 days may be deemed an admission.

An answer shall admit the Request, specifically deny the matter, or set forth in detail the reasons why you cannot truthfully admit or deny the matter.

You may not give lack of information or knowledge as a reason for failing to admit or deny unless you have made a reasonable inquiry and after such reasonable inquiry the information known or readily obtainable is still insufficient for you to admit or deny.
If you fail to admit the genuineness of any document or the truth of any matter requested in these Requests for Admission, and if Navient thereafter proves the genuineness of the document or the truth of the matter, Plaintiff may apply to the Court for an order under Fed. R. Bankr. P. 7037 and Fed. R. Civ. P. 37(c) for an order requiring you to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees.

A party is under a duty seasonably to amend a prior response to a Requests for Admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

**Definitions**

1.   **"Person"** means any natural person, any legal or business entity, and any public or quasi-public entity.

2.   **"You"** and **"your"** mean the names of the party or parties to whom these

Request For Admissions are directed and all parties acting on behalf of such party or parties, including but not limited to, attorneys and their associates and employees, investigators, agents, employees, representatives, or others who are in possession of or who may have obtained information for or on behalf of the party or parties to whom these Request For Admissions are directed.

3.  **"Document"** or **"writing"** means any written or graphic matter or other means of preserving thought or expression and all tangible things in which information can be processed or transcribed including, but not limited to, correspondence, messages, telegrams, contracts, memoranda, studies, surveys, charts, reports, minutes, notes, diaries, schedules, canceled checks, drafts, photographs, releases, newspaper or magazine articles, books, financial statements, ledgers, transcripts, affidavits, tapes, tape recordings, video tapes or recordings, motion pictures, phonograph recordings, compact disks, optical disks, material read by laser scanning, computer disks, computer tapes, computer printouts, and information stored in data processing or retrieval systems, whether originals, copies or drafts, however produced or reproduced.

*[this space intentionally left blank]*

## REQUESTS FOR ADMISSION

Admission No. 1

Admit that you have no medical, physical, or mental disability or illness which would affect your ability to repay your student loans to Navient.

RESPONSE:

Admission No. 2

Admit that you are indebted to Navient, pursuant to the applicable terms of nine (9) educational loans, with a current aggregate outstanding balance, including principal, interest, and fees, of approximately $153,735.34, as of the date of the filing of this adversary proceeding.

RESPONSE:

Admission No. 3

Admit that the nine (9) educational loans, with respect to which you are indebted to Navient, were each incurred to pay for your cost of attendance at Long Island University.

RESPONSE:

Admission No. 4

Admit that you and your spouse's are under no medical or physical limitations with respect to your work status.

RESPONSE:

Admission No. 5

Admit that you and your spouse are under no medical or physical limitations with respect to your driving privileges.

RESPONSE:

Admission No. 6

Admit that you have not made a good faith effort to repay your student loan debt to Navient.

RESPONSE:

Admission No. 7

Admit that you are able to obtain some form of employment which would generate more income than you currently earn from employment.

RESPONSE:

Admission No. 8

Admit that it is likely that the extent of your financial difficulties are not likely to persist for a significant portion of the repayment period of the Navient loans.

RESPONSE:

Admission No. 9

Admit that you spouse is able to obtain some form of employment which would generate income.

RESPONSE:

Admission No. 10

Admit that no additional circumstances exist which indicate that any undue hardship you allege is likely to persist for a significant portion of the repayment period of the Navient loans.

RESPONSE:

Admission No. 11

Admit that each loan you seek to discharge in this adversary proceeding is an educational benefit or educational loan made, insured or guaranteed by a governmental unit, or made under a program funded in whole or in part by a governmental unit or nonprofit institution, or funds received as an educational benefit, or a qualified educational loan, as defined by section 221(d)(1) of the Internal Revenue Code of 1986.

RESPONSE:

Signature of Plaintiff

Print Name:

Respectfully requested,

By:  */s/ Paul J. Hooten*
Paul J. Hooten, Esquire
PAUL J. HOOTEN & ASSOCIATES
5505 Nesconset Highway, Suite 203
Mt. Sinai, NY  11766
Telephone: (631) 331-0547
Facsimile: (631) 331-2627
E-mail:  pjhooten@mindspring.com
Attorneys for Navient Solutions, Inc.